PEOPLE V OVERHOLT, *No. 149795; Court of Appeals No. 321556.* Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we remand this case to the Court of Appeals for consideration, as on leave granted, of whether the defendant, who sold, transferred, or delivered marijuana to a patient or caregiver to whom he was not connected through the registration process of the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.*, "may assert the medical purpose for using marihuana in a motion to dismiss, and the charges shall be dismissed following an evidentiary hearing where the person shows the elements listed in subsection (a)." MCL 333.26428(b). Cf., *State v McQueen*, 493 Mich 135, 156 ns 59 & 60 (2013). In all other respects, leave to appeal is denied, because we are not persuaded that the remaining question presented should be reviewed by this Court.

We further order that this case be argued and submitted to the Court of Appeals together with the case of *People v Bylsma* (Docket No. 148440), which we remanded to the Court of Appeals for consideration as on leave granted by order of the same date, at such future session of the Court of Appeals as both cases are ready for submission. We do not retain jurisdiction.

PEOPLE V WOOD, *No. 150684; reported below: 307 Mich App 485.* Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we vacate that part of the Court of Appeals judgment that added a requirement of defendant diligence to the traditional test for ascertaining whether there has been a violation of *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963). See *People v Chenault*, 495 Mich 142 (2014). However, because the defendant otherwise failed to demonstrate a *Brady* violation, we leave intact the result reached by the Court of Appeals. In all other requests, leave to appeal is denied, because we are not persuaded that the remaining questions presented should be reviewed by this Court.